IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00083-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RONALD SHANNON HOUGH | ) | |
| | ) | |

**THIS MATTER** is before the Court on the government's Motion for Final Determination of Restitution, (Doc. No. 40), to which the defendant has not objected.

At the sentencing of this matter, the Court held that final determination of restitution would be left open as authorized by 18 U.S.C. § 3664(d)(5). (Doc. No. 23: Judgment at 4). The government has now submitted proposed a list of victims and losses, supported by a preponderance of the evidence, that constitutes a "final determination" for purposes of ordering restitution pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A. (Doc. No. 40: Motion at 7-10).

**IT IS THEREFORE ORDERED** that, based on the reasons set forth in the government's motion, 18 U.S.C. § 3664(d)(5), and the Mandatory Victim Restitution Act, the Judgment in this case, (Doc. No. 23), shall be amended to include a final restitution figure of $59,360.15 in the amounts listed in Exhibit to the motion, (Doc. No. 40 at 7-10).

**IT IS FURTHER ORDERED** that the defendant is jointly and severally liable with Laurence Sessum and Jacqueline Dianne Okomba, (Case No. 3:18-cr-292). The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution. Any payment not in full shall be divided proportionately among victims.

All other terms of the original Judgment, (Doc. No. 23), remain unchanged.

The Clerk is directed to certify copies of this order to Defendant, counsel for Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the Financial Administration Unit of the Clerk's Office.

Signed: June 16, 2020

Robert J. Conrad, Jr.
United States District Judge